**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **JOSEPH J. MCGINNIS,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-14-1429 |
| **CAMPBELL & COMPANY, INC.,** | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff Joseph J. McGinnis filed this lawsuit on April 28, 2014, against Defendant Campbell & Company, Inc. ("Campbell"), alleging breach of employment contract in Counts I and III and violations of the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. § 3-501 *et seq.*. (LexisNexis 2008), in Counts II and IV. (Compl., ECF No. 1.) After Campbell was served, it timely filed on May 20 a motion to dismiss the two MWPCL counts on the basis that the allegedly unpaid compensation did not satisfy the statutory definition of "wages" that are recoverable under the MWPCL. (Def.'s Mot. Dismiss 1, ECF No. 7.) Within the 21-day period of time permitted by Federal Rule of Civil Procedure 15(a)(1)(B), McGinnis filed an amended complaint that retained the two breach-of-contract counts but did not include the MWPCL counts to which Campbell had objected. (Am. Compl., ECF No. 12).

Concurrently with the filing of his amended complaint, McGinnis filed a response to the motion to dismiss Counts II and IV of the original complaint in which he asked that the Court find the motion to dismiss to be moot. (Pl.'s Opp'n 1, ECF No. 13.) Thereafter, Campbell filed

its reply on its motion to dismiss and therein asserted that Counts II and IV of the amended complaint should be dismissed with prejudice and, further, that Campbell should be awarded its attorney's fees for preparation of its motion to dismiss. (Def.'s Reply, ECF No. 15.)

The amended complaint superseded the original complaint and rendered the latter of no operable legal effect. *See Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001). Because the motion to dismiss only related to counts that are no longer in the case, it is now moot. The Court cannot dismiss counts that are not part of the case.

As for Campbell's assertion of entitlement to sanctions against opposing counsel for including the MWPCL counts in the original complaint, the Court finds Campbell's request to be ill-conceived and improperly made. Campbell relies upon Rule 11(b)(2) for the proposition that an attorney should not sign a pleading or other paper without making a reasonable investigation to determine that a claim is warranted by existing law. (Def.'s Reply 2-3.) As a bare proposition, the Court agrees. But a request for the sanction that Campbell seeks here must also conform to Rule 11, and Defendant's request did not do so.

Specifically, under Rule 11(c)(2), such a request must be in a motion "made separately from any other motion." Furthermore, the motion must be served, "but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). Not only did Campbell simply add the request for sanctions onto its motion to dismiss by including it in its reply, but Campbell also failed to serve its request on McGinnis prior to filing it. Most important, Campbell asked for sanctions in spite of McGinnis's withdrawal of the offending complaint by his filing of the amended complaint. Campbell's request for sanctions is meritless.

Accordingly, it is hereby ORDERED:

1. Defendant's motion to dismiss (ECF No 7) is MOOT.

2. To the extent Defendant's reply (ECF No. 15) can be construed as a motion for sanctions against opposing counsel, the motion is DENIED.

3. A separate order will issue as to the schedule of the case.

DATED this 29th day of August, 2014.

                                                        BY THE COURT:

                                                        _____/s/_____

                                                        James K. Bredar
                                                        United States District Judge